Allan D. NewDelman, Esq. (004066)
ALLAN D. NEWDELMAN, P.C.
80 East Columbus Avenue
Phoenix, Arizona  85012
Telephone:  (602) 264-4550
Facsimile:  (602) 277-0144
anewdelman@qwestoffice.net
Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

In re:

ROXY ANNATIA WESTPHAL
SS #XXX-XX-4486

                    Debtor.

Case No. 2-09-bk-29841 RTB
Chapter 13

CHAPTER 13 PLAN
AND APPLICATION FOR PAYMENT OF
ADMINISTRATIVE EXPENSES

**THIS PLAN CAN MODIFY YOUR RIGHTS AS A SECURED
OR UNSECURED CREDITOR, PLEASE READ CAREFULLY.**

Debtor proposes the following Chapter 13 Plan:

1. **PROPERTY AND INCOME SUBMITTED TO THE PLAN.** Debtor shall submit the following amounts of property and/or future income to the Trustee for distribution under the Plan:

 a. **FUTURE EARNINGS OR INCOME.** Debtor shall pay $200.00 per month for months 1 through 60 to the chapter 13 trustee.

 Payments shall be made to the Trustee, on or before the 19th day of each month, beginning with the month of December, 2009.  Debtors will make the Plan payments in the form of a cashier's check or money order payable to the Chapter 13 Trustee.  The Debtor is instructed to remit all Plan payments on or before the monthly due date.  When Plan payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term.  Any funding shortfall <u>must</u> be cured before a discharge is entered.  This requirement applies regardless of Plan payment suspensions, waiver or moratoriums.

 b. **OTHER PROPERTY.** In the event other property is submitted to the Trustee, it shall be treated as an additional payment to payments under paragraph 1(a) above.

 2. **DURATION.** This Plan shall continue for 60 months with the payments made under the unconfirmed Plan being utilized as part of the 60 month duration.  If at any time before the end of this period all timely filed allowed claims are paid, the Plan shall be deemed fully consummated and the debtor shall receive a discharge.

3. **CLASSIFICATION AND TREATMENT OF CLAIMS.** The provisions of this Plan are intended to bind all creditors under 11 U.S.C. Section 1327. Failure to file an objection can affect the creditor's rights as a secured or unsecured creditor.

The claims shall be classified and paid in the order set forth below:

a. **ADMINISTRATIVE EXPENSES.**

(1) **Trustee's Fees:** The Chapter 13 Trustee shall receive such percentage fee of Plan payments as may periodically be fixed by the Attorney General pursuant to 28 U.S.C. Section 586(e), but not to exceed 10%.

(2) **Attorney's Fees:** The minimum sum of $2,000.00 shall be paid prior to commencement of payments on any claims listed hereafter. Attorney's fees are to be a minimum of $2,000.00 to be paid through payment by the Trustee. Fees are for the continuous advice to Debtor in connection with the administration of this estate on an ongoing basis, including the preparation of letters, documents, and other writings concerning this estate; the attendance of hearings, conferences, and any other appearance for and/or on behalf of the Debtor. The minimum sum of $2,000.00 is to be paid by the Trustee and represents services rendered at an hourly rate of $365.00 per hour, plus costs of the administration of this estate.

b. **CLAIMS SECURED BY REAL PROPERTY.** The following creditors, unless otherwise stated, shall retain security interest in real property and the Trustee shall have no interest in or claim to the property securing the claim. Unless otherwise stated, regular monthly payments becoming due after the filing of the petition shall be made outside of this Plan. No payment shall be deemed late and the agreement which is the basis for a claim shall not be deemed in default as a result of arrearages cured under this Plan. The estimated arrearages listed below shall be adjusted to reflect the actual arrearage at the time of the confirmation. Should the creditor file an objection based entirely on the arrearage figure which as stated above shall be adjusted to reflect the actual arrearage at the time of the confirmation, creditor accepts full responsibility for its own attorney fees in connection with the objection. The arrearage as adjusted (including late charges) shall be cured pro-rata along with other secured creditors prior to commencement of payment on claims listed thereafter, and said arrearage as listed and as applicable shall be cured within the length of this Plan, or 60 months.

The debtor's homestead exemption in the residential real property, and in any identifiable cash proceeds from the sale of her residential real property is allowed. Pursuant to A.R.S. Title 33 Section 1101, proceeds from the sale of the Debtor's homestead real property may be used in any manner, may be transferred, encumbered, or sold without further order of this Court. All identifiable cash proceeds from the sale of the Debtor's homestead real property shall become the sole property of the Debtor to the extent of the protected equity in such property.

The estimated arrearage are as follows:

**CITIMORTGAGE - 1st Deed of Trust**

Creditor secured by first Deed of Trust against the residence, Citimortgage, shall receive regular monthly payments outside the Plan directly from the Debtor. Through a recent loan modification, payments to this creditor are current. RE:

property located at 9420 E. Camino Del Santo, Scottsdale, Arizona with a value of $320,000.00.

### GMAC AND/OR FASLO SOLUTIONS - 2nd Deed of Trust

Creditor "secured" by second Deed of Trust on residence, GMAC and/or Faslo Solutions, its successors or assigns, shall not receive payments outside the Plan from the Debtor. This claim shall be classified and treated as a general unsecured claim since there simply is no equity in the property to which the Deed of Trust may attach. The failure of this Creditor to object to this provision will be deemed acceptance as a general unsecured creditor. Upon completion of the Plan and the entry of the Discharge this creditor (its successors or assigns) shall release its recorded Deed of Trust against the property. RE: property located at 9420 E. Camino Del Santo, Scottsdale, Arizona with a value of $320,000.00.

### ARIZONA BUSINESS BANK / SBA - 3rd Deed of Trust

Creditor secured by third Deed of Trust on residence, Arizona Business Bank/SBA, shall receive regular monthly payments outside the Plan directly from the primary borrower, Roxy Ventures, Inc. No arrears. RE: property located at 9420 E. Camino Del Santo, Scottsdale, Arizona with a value of $320,000.00.

c. **CLAIMS SECURED BY PERSONAL PROPERTY.** The following creditors shall retain their interest in property securing their claims. They shall be paid the lesser of the debt balance or the value of the property securing the claim, plus interest at the rate specified as a secured claim. Upon payment of this amount, their security interest shall be released. Any unpaid balance shall be classified as an unsecured claim based upon creditor's duly filed claim. Claims paid as secured shall be paid in full prior to commencement of payment on any claims listed hereafter.

**If a creditor fails to file a secured claim before confirmation or files a wholly unsecured claim, the debtor(s) may delete the proposed payment of a secured claim in a proposed order confirming the plan with no additional notice. If a creditor files a secured claim in an amount less than that proposed in the Plan, then the secured claim amount will be the amount paid.**

Any claims not specifically named in this Plan are presumed to be unsecured claims. Creditors, including, but not limited to the following, claiming secured status, shall serve a copy of said claim, proof of security, and an objection to the Plan upon Debtor's counsel no later than the bar-date noticed by Debtor for filing objections to this Plan:

NONE

If no objections and or proofs of claim are filed and served upon Debtors' counsel prior to the bar-date for filing objections noticed by Debtor, claims not specifically listed above shall be fully treated as other unsecured claims.

d. **CHILD SUPPORT CLAIMS.** NONE.

e. **PRIORITY TAX CLAIMS.** The following priority tax claims shall be paid at 100% of the allowed proof of claim, without post-petition interest. Payment on the priority tax claims shall begin after payment of administrative expenses. All taxes

3

not paid by the Plan, or a claim that is not allowed because it was not timely filed, shall be discharged by these proceedings, even though no payments are received by the creditor. Any liens held by the respective tax agencies will be deemed extinguished, and are to be released upon completion of this Plan and the Debtor's discharge.

**INTERNAL REVENUE SERVICE** : Shall receive payment of $6,827.88 through the Trustee for 2007 income tax and interest. Any penalties shall be treated as a general unsecured claim.

Debtor has filed all required tax returns to the best of her knowledge.

Debtor is required to provide, directly to the Trustee within 30 days after the returns are filed, a copy of the Federal and State income tax returns for the tax years 2009 and 2010.

Debtor agrees to keep current the filing of all required post-petition tax returns as well as making all payments due on such returns.

    f. **CODEBTOR CLAIMS.** NONE.

    g. **STUDENT LOANS.** Unsecured student loans will be discharged in this bankruptcy only upon an Order of this Court in a separate adversary proceeding.

    h. **UNSECURED CLAIMS.** All other claims shall be classified as unsecured, with any claims of security interest being avoided. Unsecured claims shall be paid the balance of payments under the Plan, pro-rata, in full satisfaction thereof, except for any disputed or rejected claims. Said amount being paid to unsecured creditors may be adjusted and/or decreased should the secured and/or priority liabilities be higher than originally estimated. Any amounts unpaid shall be discharged.

    i. **POST PETITION CLAIMS.** Claims allowed for post petition debts incurred by Debtor may be paid in full in the Chapter 13 Plan pursuant to 11 U.S.C. §1305.

The Plan meets the requirements of the Bankruptcy Code and achieves Chapter 7 reconciliation, as the unsecured creditors will receive more under the Chapter 13 Plan than they would have received in a Chapter 7 liquidation.

   4. **ENGAGED IN BUSINESS.** If the Debtor is engaged in business, monthly business operating statements must be filed with the Court.

   5. **OBJECTIONS.** Objections, by any and all creditors, to the Plan, must be received by the bar-date for objections noticed by Debtor for this Plan unless otherwise order by the court.

   6. **EXECUTORY CONTRACTS.** NONE.

   7. **EFFECTIVE DATE AND VESTING.** Property of the estate shall vest in the Debtor upon confirmation. The Debtor may use the property in any manner, or may sell the property, without further order of this Court. Prior to and upon confirmation, the automatic stay, pursuant to 11 U.S.C. Section 362 will remain in full force and effect against the debtor and on all real and personal property of the debtor in regards to pre-petition debt.

1        8. **GENERAL PROVISIONS.** The Trustee shall have the power to waive, in writing and on such conditions as the Trustee may impose, any default in Debtor's payments to the Trustee under this Plan.

      **PLAN DATED** this ___ day of _____, 2009.

              **ALLAN D. NEWDELMAN, P.C.**

              By /s/ ALLAN D. NEWDELMAN 004066
                 ALLAN D. NEWDELMAN
                 Attorney for Debtor

/s/ Roxy Westphal
ROXY ANNATIA WESTPHAL

## PLAN ANALYSIS

Debtors:  ROXY ANNATIA WESTPHAL          CASE NO.

Prior Bankruptcy ( )          Chapter 13 ( )     Date:
Estimated length of Plan 60 months.

    TRUSTEE USE:
    341(a) Meeting Date: _____
    Continued: _____
    Confirmation Date: _____

======================================================================

**TOTAL DEBT PROVIDED FOR UNDER THE PLAN & ADMINISTRATIVE EXPENSES**

A.  TOTAL PRIORITY CLAIMS:
   1.  Unpaid attorney fees . . . . . . . . . . . . . . . . . . . . . . . . . . $    2,000.00
   2.  Taxes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $    6,827.88
   3.  Other . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $         0.00
B.  TOTAL OF PAYMENTS TO CURE DEFAULTS . . . . . . . . . . . . . . . $         0.00
C.  TOTAL OF PAYMENTS ON SECURED CLAIMS . . . . . . . . . . . . . . $         0.00
D.  TOTAL OF PAYMENTS ON GENERAL UNSECURED CLAIMS . . . . . $    1,972.12
E.  SUBTOTAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $   10,800.00
F.  TOTAL TRUSTEE'S COMPENSATION (10% of Debtor(s)'
    payments') . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $    1,200.00
G.  TOTAL DEBT & ADMINISTRATIVE EXPENSES . . . . . . . . . . . . . . . $   12,000.00

======================================================================

## CHAPTER 7 RECONCILIATION

H.  INTEREST OF GENERAL UNSECURED CREDITORS IF CHAPTER 7 FILED
   1.  Value of debtor(s)' interest in nonexempt
      property . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $   10,270.00
   2.  Plus: value of property recoverable under
      avoiding powers . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $         0.00
   3.  Less: estimated Chapter 7 administrative
      expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $    1,777.00
   4.  Less amounts payable to priority creditors
      other than costs of administration . . . . . . . . . . . . . . . . . . . . $    6,827.88
   5.  Equals: estimated amount payable to general
      unsecured creditors if Chapter 7 filed . . . . . . . . . . . . . . . . . $    1,665.12

I.  ESTIMATED DIVIDEND FOR GENERAL UNSECURED
    CREDITORS UNDER CHAPTER 7 . . . . . . . . . . . . . . . . . . . . . . . $    1,665.12

J.  ESTIMATED DIVIDEND UNDER PLAN . . . . . . . . . . . . . . . . . . . . . $    1,972.12

\*\* IF THERE ARE DISCREPANCIES BETWEEN THE PLAN THE PLAN ANALYSIS,
THE PROVISIONS OF THE PLAN AS CONFIRMED CONTROL.